USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/19/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

BRANDON MONTES,

         Petitioner,    22-CV-8117 (VEC)

  -against-         18-CR-840-1 (VEC)

UNITED STATES OF AMERICA,    MEMORANDUM
              OPINION & ORDER
        Respondent.

---------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

  On June 21, 2019, Brandon Montes ("Petitioner") pled guilty to conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. §§ 846, 841(b)(1). *See* Order, Dkt. 67; Indictment, Dkt. 1; Plea Agreement, Dkt. 184-1, at 1.[1] On October 1, 2019, this Court imposed a below-guidelines sentence of 120 months' imprisonment. *See* Sent'g Tr., Dkt. 98, at 29. Mr. Montes appealed his sentence; on June 25, 2021, the Second Circuit dismissed the appeal as barred by the appeal waiver in his plea agreement. *See* Mandate, Dkt. 178, at 1–2.

  On September 22, 2022, Mr. Montes filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that he received ineffective assistance of counsel. *See* Pet., Dkt. 179. The Government opposed Mr. Montes's petition. *See* Gov't Opp., Dkt. 184. For the following reasons, Mr. Montes's § 2255 petition is DENIED.

## BACKGROUND

  On November 20, 2018, Petitioner was charged with conspiracy to violate the narcotics laws, possession of firearms in furtherance of the conspiracy, conspiracy to traffic in firearms, illegally dealing in firearms, and being a felon in possession of firearms in connection with his

---

[1] All docket references are to the docket at 18-CR-840.

operation of a drug trafficking organization in East Harlem. *See* Indictment; Gov't Opp. at 1; Presentence Report, Dkt. 77, ¶ 15.

On June 21, 2019, the Court accepted Petitioner's guilty plea to a lesser included offense of Count 1, which charged Mr. Montes with conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. §§ 846, 841(b)(1)(C). *See* Order, Dkt. 67; Indictment at 1; Plea Agreement at 1.

The Court concluded that the following prior convictions generated criminal history points for the purposes of sentencing: (1) a 2017 conviction for aggravated manslaughter (the "2017 Manslaughter Conviction"); (2) a 2017 conviction for attempted murder (the "2017 Attempted Murder Conviction"); (3) a 2010 misdemeanor conviction for possession of marijuana (the "2010 Marijuana Conviction"); (4) a 2004 conviction for the attempted sale of a controlled substance (the "2004 Attempted Narcotics Distribution Conviction"); and (5) a 2001 conviction for the attempted criminal possession of a weapon (the "2001 Attempted Weapon Possession Conviction"). *See* Sent'g Tr. at 4.

The Court found that Petitioner qualifies as a "career offender" under the U.S. Sentencing Commission's sentencing guidelines (the "Guidelines") because he was over 18 at the time of the offense, had been convicted of a controlled substance offense, and had at least two prior convictions for a controlled substance offense or a crime of violence. *Id.* at 4–5. As a result, the Court concluded that Petitioner fell within Criminal History Category VI rather than Criminal History Category V. *Id.* at 5. The applicable Guidelines range was, therefore, 188 to 235 months' imprisonment. *See* U.S. Sent'g Guidelines Manual ch. 5, pt. A (U.S. Sent'g Comm'n 2018); *id.* at 5.

The parties stipulated to the same Guidelines range in the plea agreement. *See* Plea Agreement at 4.[2] The plea agreement contained an appeal waiver (the "Appeal Waiver") pursuant to which Petitioner agreed to "not file a direct appeal; nor bring a collateral challenge . . . of any sentence within or below the Stipulated Guidelines Range of 188 to 235 months' imprisonment;" Petitioner expressly reserved the right to "assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise." *Id.* at 5.

On October 1, 2019, the Court sentenced Petitioner to 120 months' imprisonment, varying downward from the applicable Guidelines range based on a finding that the range was somewhat longer than necessary to achieve the goals of sentencing. *See* Sent'g Tr. at 29.

On October 15, 2019, Petitioner appealed. Notice of Appeal, Dkt. 96. On March 9, 2020, Petitioner's appellate counsel moved to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that "a thorough review of the record in [Petitioner's] case reveal[ed] no non-frivolous issue to raise on appeal." Br. of Def.-Appellant, *United States v. Montes*, No. 19-3323-cr (2d Cir. July 16, 2023), Dkt. 41, at 10–11. Petitioner's appellate counsel moved to withdraw because Petitioner had waived his right to appeal any term of imprisonment within or below the stipulated Guidelines range and because there was no non-frivolous argument that the Appeal Waiver was unenforceable. *Id.* at 11. On June 8, 2020, the Government moved to dismiss the appeal based on the Appeal Waiver; the Government also moved for summary affirmance on the grounds that there were no non-frivolous issues

---

[2] The Court and the Probation Office found that Petitioner had 12 criminal history points and that his offense level was 31. *See* Sent'g Tr., Dkt. 98, at 4–5; Presentence Report, Dkt. 77, ¶ 63. The stipulation in Petitioner's plea agreement was that he had 10 rather than 12 criminal history points because it did not take into account that Petitioner committed the instant offense while on parole. *See* Plea Agreement, Dkt. 184-1, at 4; Sent'g Tr. at 4. That discrepancy did not affect the applicable Guidelines range, however, because Petitioner's career offender designation placed him in Criminal History Category VI regardless of his criminal history points. *See* U.S. Sent'g Guidelines Manual § 4B1.1(b), ch. 5, pt. A (U.S. Sent'g Comm'n 2018); Gov't Opp., Dkt. 184, at 3 n.2.

(including no non-frivolous claim for ineffective assistance of counsel) to be raised on direct appeal. *See* Gov't Mots., *United States v. Montes*, No. 19-3323-cr (2d Cir. July 16, 2023), Dkt. 61, ¶¶ 1, 51. On June 25, 2021, the Second Circuit granted the motions and dismissed Petitioner's appeal, affirming Petitioner's conviction and sentence. *See* Mandate, Dkt. 178.

On September 22, 2022, Petitioner challenged his sentence by filing a § 2255 petition *pro se*. *See* Pet. Petitioner argues that his attorneys, both at sentencing and on direct appeal, provided ineffective assistance because they failed to argue that his prior convictions did not qualify him as a career offender under the Guidelines, an argument he claims would have led to a shorter sentence. *See id.* ¶¶ 22–41.

## DISCUSSION

Because Petitioner is proceeding *pro se*, the Court construes his petition liberally. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam).

To succeed with a claim of ineffective assistance of counsel, a petitioner must show: (1) that his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that he was prejudiced by his counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687–96 (1984). This two-prong test is difficult to satisfy. *See United States v. Shi Hui Sun*, No. 12-CV-4776 (KBF), 2013 WL 1947282, at *4 (S.D.N.Y. May 8, 2013) (explaining that an ineffective assistance of counsel claim "is a difficult showing to make, as courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, bearing in mind that there are countless ways to provide effective assistance in any given case" (cleaned up)). To successfully claim ineffective assistance of counsel, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by

the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687).  "A court need not address both prongs of the *Strickland* test; if either fails, the entire claim fails."  *Grant v. United States*, 725 F. App'x 76, 77 (2d Cir. 2018) (summary order) (citing *Strickland*, 466 U.S. at 687).

Section 4B1.1 of the Guidelines (the "Career Offender Guideline") provides that a defendant is a career offender if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

Section 4B1.2(a) of the Guidelines defines "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter" or a list of other crimes.

Section 4B1.2(b) of the Guidelines defines "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."

Application Note 1 to the definitions of "crime of violence" and "controlled substance offense" ("Application Note 1") states that such crimes include "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses."

### I. Counsel's Performance Did Not Fall Below an Objective Standard of Reasonableness

Petitioner's claim for ineffective assistance of counsel fails because counsel's performance did not fall below an objective standard of reasonableness. Counsel reasonably concluded that "controlled substance" offenses under the Career Offender Guideline include attempted offenses. Counsel also had no reason to argue that crimes with a recklessness *mens rea* do not qualify as "crimes of violence" under the Guidelines because the two offenses that qualified Petitioner as a career offender required specific intent.

#### A. Counsel's Failure to Argue That Petitioner's Past Conviction for an Attempted Controlled Substance Crime Should Not Have Counted Toward a Career Offender Designation Was Not Unreasonable

Petitioner contends that counsel should have argued at sentencing that his 2004 Attempted Narcotics Distribution Conviction should not count when determining whether he is a career offender under the Guidelines because an attempt is not a "controlled substance offense." Because his attorney failed to make that argument, Petitioner argues, his performance was objectively unreasonable. *See* Pet. ¶¶ 22–30. The Court disagrees.

Application Note 1 expressly states that "controlled substance offenses" under the Career Offender Guideline include offenses "of aiding and abetting, conspiring, and attempting to commit such offenses." At the time Petitioner was sentenced, the Second Circuit had held that application notes in the Guidelines "must be given controlling weight" unless they conflict with a federal statute, violate the Constitution, or are plainly erroneous or inconsistent with the Guidelines provision they purport to interpret. *United States v. Moore*, 916 F.3d 231, 237 (2d Cir. 2019) (reaffirming *United States v. Jackson*, 60 F.3d 128 (2d Cir. 1995)). Applying that framework, the Second Circuit had concluded that Application Note 1 should be given

controlling weight. *See Jackson*, 60 F.3d at 131–32 (citing *Stinson v. United States*, 508 U.S. 36 (1993) in support of its analysis).

Petitioner asserts that the Supreme Court's decision in *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), disturbed that Second Circuit precedent. *See* Pet. ¶ 24; Pet. Reply, Dkt. 185, at 7–8. Under *Kisor*, courts should only defer to an agency's interpretation of its own rules if a regulation is "genuinely ambiguous." 139 S. Ct. at 2414. Petitioner appears to contend that the Second Circuit should not have deemed Application Note 1 controlling because the Career Offender Guideline is not genuinely ambiguous. *See* Pet. ¶ 24; Pet. Reply at 7–8; *see also Jackson*, 60 F.3d at 128 (deeming Application Note 1 controlling without first determining whether the Career Offender Guideline is genuinely ambiguous).

That argument is not persuasive in light of *Stinson v. United States*, 508 U.S. 36 (1993). In *Stinson*, the Supreme Court held that the Guidelines' commentary (including application notes) is not subject to a threshold ambiguity analysis because Congress has a role in promulgating the Guidelines; accompanying commentary "provides concrete guidance as to how even *unambiguous* guidelines are to be applied in practice." *Stinson*, 508 U.S. at 44 (emphasis added). *Kisor* did not expressly disturb this preexisting law. *See Kisor*, 139 S. Ct. at 2411 n.3, 2422. It was, therefore, not unreasonable for counsel to conclude that Application Note 1 remains controlling.³ *See Knowles v. Mirzayance*, 556 U.S. 111, 127 (2009) (holding that trial

---

³ Although other circuit courts had concluded otherwise at the time of Petitioner's sentencing, *see* Pet. ¶¶ 25–26 (citing *United States v. Winstead*, 890 F.3d 1082 (D.C. Cir. 2018) and *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (per curiam)), that caselaw was not binding in this Circuit. It was, therefore, not objectively unreasonable for counsel not to rely on that authority to make an argument that finds no support in this circuit. *See United States v. Saracino*, No. 17-CV-2289 (BMC), 2017 WL 4480837, at *6–7 (E.D.N.Y. Oct. 6, 2017) (holding that trial counsel did not act unreasonably under *Strickland* by failing to invoke out-of-circuit caselaw in favor of an argument because "Second Circuit law [was] firmly against [it]").

Since Petitioner's sentencing, a circuit split has emerged on whether *Kisor* abrogated *Stinson*'s deference to the Guidelines' commentary. *See United States v. Tabb*, 949 F.3d 81, 87 (2d Cir. 2020) (concluding that Application Note 1 remains controlling despite briefing urging the court to conclude otherwise in light of *Kisor*);

7

counsel's failure to raise "every available nonfrivolous defense" was not ineffective assistance; counsel's "reasonable appraisal of a claim's low chances of success" is sufficient for counsel's strategy to have been objectively reasonable).

The Second Circuit's decisions post-*Kisor* and following Petitioner's sentencing reinforce the reasonableness of counsel's performance. *See United States v. Tabb*, 949 F.3d 81, 87 (2d Cir. 2020) (disregarding a defendant's argument that Application Note 1 is not controlling in light of *Kisor* because *Jackson* remains controlling law); Order, *United States v. Tabb*, No. 18-338-cr (2d Cir. June 1, 2020), Dkt. 207 (denying a petition for a rehearing *en banc*); *United States v. Richardson*, 958 F.3d 151, 154 (2d Cir. 2020) (holding that Application Note 1 remained authoritative post-*Kisor*).

For all of those reasons, counsel's failure to argue that the 2004 Attempted Narcotics Distribution Conviction should not count for purposes of determining whether Petitioner is a career offender under the Guidelines was not objectively unreasonable.

### B. Counsel's Failure to Argue on Appeal that Petitioner's Convictions for Crimes of Violence Should Not Have Counted Toward a Career Offender Designation Was Not Unreasonable

Petitioner contends that his appellate counsel should have argued that the 2017 Attempted Murder Conviction and the 2017 Manslaughter Conviction do not count as "crimes of violence" under the Guidelines because "violent" offenses do not include offenses with a *mens rea* of recklessness. *See* Pet. ¶ 34 (citing *Borden v. United States*, 141 S. Ct. 1817 (2021) (holding that

---

*United States v. Lewis*, 963 F.3d 16, 25 (1st Cir. 2020) (same). *But see United States v. Castillo*, 69 F.4th 648, 657–58 (9th Cir. 2023) (concluding that, in light of *Kisor*, Application Note 1 is not entitled to deference); *United States v. Nasir*, 17 F.4th 459, 470–71 (3d Cir. 2021) (same). The mere possibility for differences of opinion on this issue, however, does not render counsel's tactical decision to forgo the argument unreasonable. *See Weingarten v. United States*, 865 F.3d 48, 53 (2d Cir. 2017) (holding that it was not unreasonable under *Strickland* for trial counsel to select among the available arguments and raise only the most promising issues for review) (citing *Jones v. Barnes*, 463 U.S. 745, 753–54 (1983)).

a criminal offense that only requires a *mens rea* of recklessness cannot qualify as a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)).

That argument would have been frivolous, however, because the New Jersey 2017 Attempted Murder Conviction required Petitioner to act purposely; a *mens rea* that is higher than recklessness. *See State v. Rhett*, 601 A.2d 689, 692 (N.J. 1992) (holding that "to be guilty of attempted murder, a defendant must have *purposely intended* to cause . . . death" (emphasis added)); *State v. Mujahid*, 599 A.2d 536, 543 (N.J. Super. Ct. App. Div. 1991) (holding that recklessness is a less culpable state of mind than purposely). Appellate counsel, therefore, reasonably concluded that whether reckless offenses qualify as "crimes of violence" under the Guidelines was not dispositive to Petitioner's designation as a career offender.[4] *See United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir. 1995) (holding that "the failure to make a meritless argument does not rise to the level of ineffective assistance").

That conclusion is buttressed by the Second Circuit's decision to grant appellate counsel's motion to withdraw, and the Government's motion for summary affirmance. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (stating that where appellate counsel filed an *Anders* brief to withdraw representation in a wholly frivolous appeal, "an issue arguably supporting the appeal even though the appeal was wholly frivolous . . . does not warrant a merits brief"); *Fernandez v. United States*, No. 08-CV-8243 (HB), 2010 WL 1491634, at *3 (S.D.N.Y. Apr. 14, 2010) (citing *United States v. Whitley*, 503 F.3d 74, 76 (2d Cir. 2007) (per curiam)) (noting that

---

[4] Petitioner also challenges the Court's purported reliance on the 2001 Attempted Weapon Possession Conviction, the 2010 Marijuana Conviction, and the 2017 Manslaughter Conviction to determine that he qualified as a career offender under the Guidelines. *See* Pet. ¶¶ 33–35. Because the 2004 Attempted Narcotics Distribution Conviction and the 2017 Attempted Murder Conviction were sufficient to qualify Petitioner as a career offender, *see* U.S. Sent'g Guidelines Manual § 4B1.1, even if the Court had considered the other conviction when making that determination, which it did not, it would not have resulted in any prejudice to Petitioner.

the Court of Appeals "would not have granted [Petitioner's counsel's *Anders*] motion to withdraw" if Petitioner had a valid *Strickland* claim).

For all of those reasons, appellate counsel's decision not to challenge Petitioner's career offender designation under the Guidelines was not objectively unreasonable.

## II. Petitioner Was Not Prejudiced by Counsels' Allegedly Deficient Performance

Even if Petitioner could establish that counsel acted unreasonably, his petition would fail because Petitioner has not shown that he was prejudiced. *See Clark v. Stinson*, 214 F.3d 315, 321 (2d Cir. 2000) (stating that a petitioner cannot prevail on an ineffective assistance of counsel claim unless he can affirmatively prove prejudice by showing "that there is a 'reasonable probability' that, but for the deficiency, 'the result of the proceeding would have been different.'" (quoting *Strickland*, 466 U.S. at 694)).

Petitioner's 120-month sentence was below the applicable Guidelines range for the criminal history category that would have applied had Petitioner *not* been deemed a career offender. *See* U.S. Sent'g Guidelines Manual ch. 5, pt. A (Criminal History Category V and offense level 31 yield a Guidelines range of 168 to 210 months' imprisonment). Moreover, the Court departed from the Guidelines range for reasons independent of Petitioner's criminal history category and offense level. *See* Sent'g Tr. at 23–29. Petitioner, therefore, falls woefully short of establishing that any unreasonable conduct on counsel's part resulted in prejudice.[5] *Cf.*

---

[5] Contrary to Petitioner's assertion, *see* Pet. ¶ 47 n.6 (citing *Molina-Martinez v. United States*, 578 U.S. 189 (2016)), there is no presumption that a petitioner would have received a lower sentence if a lower advisory sentencing range should have been applied. The Supreme Court emphasized in *Molina-Martinez* that "there may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does *not* exist. The sentencing process is particular to each defendant . . . and a reviewing court must consider the facts and circumstances of the case before it. The record in a case may show, for example, that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." 578 U.S. at 200 (emphasis added); *see also Griffith v. United States*, 871 F.3d 1321, 1338 (11th Cir. 2017) (finding that *Molina-Martinez* merely predicts, but does not create a presumption, that "'[i]n most cases' the application of an incorrect, higher guidelines range will be sufficient to show a reasonable probability of a different result").

*United States v. Sanchez-Hernandez*, 931 F.3d 408, 410–12 (5th Cir. 2019) (declining to lower a defendant's sentence, which was above the Guidelines range used, even if the sentencing court miscalculated the Guidelines range, because the sentencing judge based the sentence on factors independent of the Guidelines); *United States v. Orange*, 21 F.4th 162, 166–67 (D.C. Cir. 2021) (declining to lower a defendant's sentence, which was at the top end of the Guidelines range, where the sentencing judge provided a detailed explanation of why the imposed sentence was appropriate irrespective of the Guidelines).

For all of those reasons, there is no reasonable probability that Petitioner would have received a lower sentence had the Court applied the advisory Guidelines range that Petitioner urges.[6]

---

[6] Because Petitioner failed to establish that his sentence should be reduced due to his improper categorization as a career offender under the Guidelines, Petitioner's conclusory assertions that his First, Second, Fourth, Fifth, Sixth, and Eighth Amendment rights were consequently violated fail as well. *See* Pet. at 6–7.

## CONCLUSION

For the foregoing reasons, Mr. Montes's § 2255 petition is DENIED.

Because Mr. Montes has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. 28 U.S.C.§ 2253. The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and permission to proceed *in forma pauperis* is therefore denied.

The Clerk of Court is respectfully directed to terminate the open motion at docket entry 179 in 18-CR-840 and to close the case at 22-CV-8117. The Clerk of Court is further directed to mail a copy of this opinion to Mr. Montes and to note the mailing on the docket.

**SO ORDERED.**

Date:  July 19, 2023
       New York, New York

                                          **VALERIE CAPRONI**
                                          United States District Judge